IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAYMOND JONES,** <br> on behalf of R.A.J., <br><br>     **Plaintiff,** <br><br> v. <br><br> **CAROLYN W. COLVIN,** <br> **Acting Commissioner of the Social** <br> **Security Administration,**[1] <br><br>     **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-12-13-SPS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

The claimant Raymond Jones requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits for his son R.A.J. under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that R.A.J. was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED AND REMANDED.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 according to the Social Security Act is defined as a medically determinable physical or mental impairment that causes marked and severe functional limitations that can be expected to cause death or that have lasted

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.906. Social Security Regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whether the record detracts from its

---

[1] Step one requires claimant establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976. Step two requires claimant establish he has a severe impairment or combination of impairments. If claimant is engaged in substantial gainful activity or is found not to have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, he is considered not disabled. At step three, claimant's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments that meet or medically equal the requirements of the listing or that functionally equal the listing and meet the duration requirement will be found disabled. *See* 20 C.F.R. § 416.924(a)-(d)(2).

weight."  *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

## Background and Procedural History

R.A.J. was born on August 24, 1999, and was ten years old at the time of the administrative hearing.  The claimant alleges R.A.J. was disabled as of August 24, 2005, because of a learning problem.  The claimant filed an application for supplemental security income benefits under Title XVI (42 U.S.C. § 1381 *et seq*.) on February 24, 2009, which application was denied.  After a hearing on April 5, 2010, ALJ Osly F. Deramus found R.A.J. was not disabled in a decision dated August 3, 2010.  The Appeals Council denied review, so the ALJ's findings represent the Commissioner's final decision for purposes of this appeal.  20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation.  He determined R.A.J. had severe impairments, *i. e.*, learning disorder and status post closed reduction and long leg casting of the right tibia and fibula, but that such impairments did not meet, medically equal, and were not functionally equivalent to any of the relevant listings.  The ALJ concluded that R.A.J. was therefore not disabled (Tr. 24).

## Review

The claimant contends that the ALJ erred: i) by failing to fulfill his duty to develop the record and ii) by failing to properly analyze the credibility of R.A.J. and his parents.  The Court finds that the ALJ did fail to properly analyze the credibility of R.A.J.'s father, Mr. Raymond Jones.

-3-

R.A.J.'s father Raymond Jones completed a form entitled Function Report-Child Age 6-12 Birthday (Tr. 71-80).  In that form, Mr. Jones wrote that R.A.J. is unable to deliver telephone messages, repeat stories he has heard, tell jokes or riddles accurately, and explain why he did something (Tr. 74).  Mr. Jones also related that R.A.J. has difficulties in the following categories related to his ability to progress in learning: i) reading simple words; ii) reading and understanding simple sentences; iii) reading and understanding stories in books or magazines; iv) writing in longhand; v) spelling most 3-4 letter words; vi) writing a simple story with 607 sentences; vii) adding and subtracting numbers over 10; viii) knowing the days of the week and months of the year; ix) understanding money; x) and telling time (Tr. 75).  Finally, Mr. Jones remarked that R.A.J. is unable to keep busy on his own, finish things he starts, work on arts and crafts projects, complete homework, and complete chores most of the time (Tr. 79).

State examining physician Dr. Randy L. Crittenden, Ph.D. performed a psychological evaluation on R.A.J. on April 21, 2009 (Tr. 195-200).  Dr. Crittenden noted that the information provided by R.A.J.'s parents on the Disability Report-Child Form "was consistent with clinical impression and evidence provided" (Tr. 195).  Upon observation, Dr. Crittenden noted that R.A.J. "interacted in a socially appropriate, cooperative and friendly manner," "persisted at tasks in a timely manner with minimal encouragement needed," and "readily self[-]corrected" (Tr. 196).  His verbal IQ score was 71, performance IQ score was 75, and full scale IQ score was 71 (Tr. 197).  Dr. Crittenden found that R.A.J. could be categorized as functioning in the extremely low category on freedom from distractibility, and his IQ scores were in the low borderline

classification (Tr. 197). His diagnostic impression was that R.A.J. had a learning disorder, NOS, academic problem, and borderline intellectual functioning but that his GAF was 65 (Tr. 197-98).

The claimant argues that the ALJ failed to properly analyze his credibility. The Court agrees. Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

With regard to credibility in this case, the ALJ assigned little weight to the testimony and function report of Mr. Jones for the following reasons: i) as a lay witness, Mr. Jones is considered a non-medical source and "cannot determine whether observed behaviors are medically compelled; and ii) Mr. Jones's testimony was inconsistent with the medical evidence of record (Tr. 17). This analysis is deficient for several reasons. Social Security Ruling 06-3p (SSR 06-3p) provides the relevant guidelines for the ALJ to follow in evaluating "other source" opinions from non-medical sources, like the opinion

of Mr. Jones, who have not seen the claimant in their professional capacity.  *See* Soc. Sec. Rul. 06-3p, 2006 WL 2329939.  SSR 06-3p states, in part, that other source opinion evidence should be evaluated by considering the following factors: i) nature and extent of the relationship; ii) whether the evidence is consistent with other evidence; and iii) any other factors that tend to support or refute the evidence.  Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6.  While the ALJ mentioned the testimony and function report of Mr. Jones in his opinion in general terms, he failed to properly evaluate them in accordance with the factors set out in SSR 06-3p.

In the instant case, the ALJ rejected the claimant's lay witness statements in part on the basis that such witnesses are unable to determine whether a claimant's complaints are medically compelled, *even if the opinion is sincere*.  The ALJ's task in evaluating the credibility of lay witness testimony is precisely to determine whether the witness's opinion is sincere or insincere, and then determine what weight, if any, to ascribe to the opinion or testimony.  While the ALJ did *mention* the lay witness statements and gave reasons for discrediting the lay witness statements in this case, the first problem with his reasoning is that it essentially consists of generalized statements that apply to *every* lay witness opinion.  *See Spicer v. Astrue*, 2010 WL 4176313, *2 (M.D. Ala. Oct. 18, 2010) (finding that an ALJ's rejection of a lay witness statement because it was not a substitute for an appropriate medical opinion must *not* be based on a rationale that "applies with equal force to every 'lay statement.'").  *See, c.f.*, *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) ("The ALJ found [claimant's wife] credible in her observations of her

-6-

husband's activities, and the ALJ should not have discredited her testimony on the basis of its relevance or irrelevance to medical conclusions."), *citing* 20 C.F.R. § 404.1513(d).

Next, the ALJ's rejection of both R.A.J.'s and Mr. Jones's testimony was improper, as there *is* medical evidence in the record that supports said testimony and Mr. Jones's function report.[2]  The ALJ rejected R.A.J.'s testimony with the following language: "the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below" (Tr. 17).  The problem with this analysis (apart from vagueness) is that the ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the above guidelines and *then* formulated an appropriate RFC, not the other way around, *i. e.*, the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC.  *See McFerran v. Astrue*, 2011 WL 3648222, *2-*3 (10th Cir. Aug. 19, 2011) ("The ALJ's ultimate credibility determination is a singularly unhelpful sentence: '[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment.' . . . The ALJ's errors in the credibility

---

[2] The ALJ probably should have evaluated Mr. Jones's testimony in accordance with 20 C.F.R. § 416.928(a) ("If you are a child under age 18 and are unable to adequately describe your symptom(s), we will accept as a statement of this symptom(s) the description given by the person who is most familiar to you, such as a parent, other relative, or guardian.") and SSR 96-7p, 1996 WL 374186 *instead of* as an lay witness opinion in accordance with SSR 06-3p, considering that R.A.J. provided very limited testimony at the administrative hearing.  Under either standard, the ALJ's analysis was insufficient for the reasons discussed in this opinion.

assessment necessarily affect the RFC determination."), [unpublished opinion], *quoting Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).

Further, "[w]here '[a] significant portion of the record evidence supports the testimony, . . . the ALJ must explain why he has determined that the testimony is not credible. Standard boilerplate language will not suffice.'" *Smith ex rel E.S.D. v. Barnhart*, 157 Fed. Appx. 57, 62 (10th Cir. 2005), *quoting Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). State examining physician Dr. Crittenden found that R.A.J. was classified as having low borderline intellectual functioning (supporting the domain of acquiring and using information) and scored in the extremely low category on freedom from distractibility (supporting the domain of attending and completing tasks). In addition, the function report completed by R.A.J.'s teacher, Ms. Jeannie K. Loar, supports Mr. Jones's testimony and function report. In particular, the ALJ found that Ms. Loar opined that R.A.J. had problems functioning in the domain of acquiring and using information, with serious or very serious problems in the following categories: i) reading and comprehending written material; ii) comprehending and doing math problems; iii) providing organized oral explanations and adequate descriptions; and iv) recalling and applying previously learned material (Tr. 112). Ms. Loar further found that R.A.J. had problems functioning in the domain of attending and completing tasks and is "easily distracted" (Tr. 113). The ALJ's credibility finding in this case is not "closely and affirmatively linked to substantial evidence" but is instead an impermissible "conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) [footnote omitted]. *See also*, *Hardman v. Barnhart*,

362 F.3d 676, 679 (10th Cir. 2004) ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *citing Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper credibility analysis of R.A.J. and R.A.J.'s father, Raymond Jones. If such analysis results in any adjustments to the step three findings regarding the domains of functioning, the ALJ should re-determine whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. Thus, the decision of the Commissioner is REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 29th day of March, 2013.

*[signature]*
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma